IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 13-3068-CR-S-MDH |
| WAYNE H. FILES, ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. Defendant Wayne H. Files filed a Motion to Suppress Evidence in the matter (Doc. 21). Files argues that any and all evidence derived from computers, cameras, cellular phones, and media storage devices seized on February 15, 2012, by officers of the Lebanon, Missouri, Police Department, should be suppressed because those items were seized without a warrant, and Peggy Files' consent to search the residence did not authorize seizure of computer equipment. A hearing was held on the motion on November 12, 2014. Defendant Files was present with counsel, David R. Mercer. The United States was represented by James J. Kelleher. For the reasons set forth below, **IT IS HEREBY RECOMMENDED** that the Motion to Suppress Evidence be **DENIED**.

### FINDINGS OF FACT[1]

Officer Brian Gideon of the Lebanon, Missouri, Police Department testified that on February 15, 2012, he responded to a call from the residence of Peggy Files, wife of the

---

[1] The undersigned notes that the parties do not disagree as to the fundamental facts.

defendant, Wayne H. Files.  Marla Clouse, a stepdaughter of Wayne Files, reported discovering explicit pornographic photos on a computer in the Files residence.  When Officer Gideon arrived, Peggy Files invited him in and led him to a back bedroom, directing him to a computer (later referred to as "Wayne's computer") that displayed a paused video of a child sitting on a toilet.  The child's genital region was exposed to the camera.  In Officer Gideon's opinion, the paused video depicted child pornography.  Peggy Files and Marla Clouse explained to Officer Gideon that they had been attempting, but were unable, to load software onto Peggy's computer, located in the same back bedroom.  They then attempted to load the software onto Wayne's computer and discovered images of child pornography.

Officer Gideon testified that after seeing the image and determining it was child pornography, he did not touch the computer, nor did anyone else in the residence; he cleared the room to prevent any alteration of the evidence.[2]  Officer Gideon immediately called the detectives bureau for the Lebanon Police Department.  According to Gideon, Marla Clouse requested that the computer be removed from the house.  He testified that Marla Clouse and Peggy Files were angry and disgusted.

Sergeant Mathew Brown, a detective with the Lebanon Police Department, also testified.  Detective Brown stated that he was already familiar with Defendant Wayne Files because the department "had several open investigations on Mr. Files for child molestation, maybe some exposure, things of that nature."  Brown testified that on February 15, 2012, when he was called to the Files residence, Wayne Files was detained in the Laclede County Jail.  Upon arrival at the residence, Officer Gideon informed Detective Brown that the family had discovered images of

---

[2] Although Officer Gideon later catalogued the seized items, he did not author any police reports, nor did he assist in obtaining the search warrant for the items.

2

child pornography on Wayne Files' computer. Detective Brown saw "numerous small video clip files" on the screen.

Detective Brown testified that Peggy Files consented to a search of the home (and sheds, outbuildings, and vehicles) both orally and in writing on a Lebanon Police Department Consent to Search form. The form, admitted as an exhibit at the hearing, indicates that Peggy Files consented to search of a 2012 Chevrolet Impala, the home, a vehicle, and outbuildings and sheds on the property. The form is dated February 15, 2012, and bears the signature of Peggy Files and Detective Brown (Doc. 28-1).

After obtaining consent, officers searched the home, and Detective Brown seized computers and computer-related items from the residence. Brown testified that Peggy Files wanted the computers and computer equipment removed from the home. After seizing the items, Detective Brown obtained a search warrant from a Laclede County Judge before searching them. Brown testified that had he not received consent from Peggy Files, he would have applied for a warrant to search the residence, vehicles, and outbuildings.

On cross-examination, Detective Brown testified that the consent form was a general one which identified the vehicle, residence, and sheds and outbuildings on the property, as locations to be searched. The form did not specify that Peggy Files consented to the search of computers, digital devices, or digital media, nor did it specify that officers could seize those items. Brown further testified that at the time he sought the consent of Peggy Files to search the residence, he believed he had probable cause to obtain a search warrant.

Detective Brown also testified that when he initially entered the back bedroom and observed the computer screen, he saw thumbnail images of video clips that depicted people in the bathroom of the residence, and that the camera was placed in such a way that it revealed the

3

genitals of individuals using the toilet. He testified that he could not recall whether a window that contained a paused video was also opened on the computer desktop.

Defendant's counsel argued that the seizure of the computers and computer equipment was unlawful under the Fourth Amendment, and that the written consent of Peggy Files did not authorize such seizure.

**CONCLUSIONS OF LAW**

The Fourth Amendment protects citizens from unreasonable searches and seizures by the government. *See United States v. Va Lerie*, 424 F.3d 694, 701 (8th Cir. 2005). To determine whether a given search or seizure is constitutionally unreasonable, courts look at the "totality of the circumstances" surrounding the search or seizure. *See United States v. Hudspeth*, 518 F.3d 954, 961 (8th Cir. 2008). Searches and seizures conducted without a warrant based on probable cause are *per se* unreasonable unless they fall into a recognized and "well-delineated" exception, such as consent. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (citing *Katz v. United States*, 389 U.S. 347, 357 (1967). If a party consents to a search, a warrant is not required. *See United States v. Farnell*, 701 F.3d 256, 262-63 (8th Cir. 2012). But, "a consensual search may not exceed the scope of the consent given." *United States v. Martel-Martines*, 988 F.2d 855, 858 (8th Cir. 1993) (citing *United States v. Rudolph*, 970 F.2d 467, 468 (8th Cir. 1992), *cert. denied*, 506 U.S. 1069 (1993)). The scope of a search "is generally defined by its expressed object." *Florida v. Jimeno*, 500 U.S. 248, 251 (1991). Objective reasonableness is the standard used to measure the scope of a consensual search. *Id.* A Court should consider "what an objectively reasonable person would have understood the consent to include." *United States v. Urbina*, 431 F.3d 305, 310 (8th Cir. 2005).

*United States v. Clutter*, 674 F.3d 980, 985 (8th Cir), *cert. denied*, 133 S. Ct. 272 (2012) is instructive. In that case, the Eighth Circuit held that a warrantless seizure of computer storage

4

devices with the consent of the non-defendant homeowner was constitutionally valid based upon the totality of the circumstances. The Court based its determination on three factors: (1) the defendant was detained in jail on the date the computers were seized with the consent of his father, who was in actual possession of the computers at the time of the seizure, thus there was no Fourth Amendment "seizure;" (2) the officers had probable cause to believe the computers contained evidence of child pornography offenses; and (3) the seizure was only temporary while officers obtained a warrant to search the computers. *Id.* at 985. The Eighth Circuit concluded that "the totality of the circumstances plainly support[ed]" a determination that seizure "was not constitutionally unreasonable, based on Joel Clutter's consent, the officers' probable cause to believe the computers contained evidence of child pornography offenses, and their intent to obtain a search warrant." *Id.*

*The Warrantless Seizure of Computer Equipment from the Files Residence was Lawful*

Defendant Wayne Files argues that the written consent to search signed by his wife, Peggy Files, did not give police authority to seize computers and computer equipment from their shared residence.[3] The defendant goes on to identify, and then dismantle, two arguments he anticipates the government will raise: (1) that the police seized the items under the "plain view" doctrine and (2) the child pornography would have been inevitably discovered even without the warrantless seizure. The defendant's conjecture misses the mark. The search is constitutional on a simpler and more straight-forward basis: seizure of the computers and computer equipment was within the scope of Peggy Files' consent.

Importantly, the seizure does not exceed the scope of the consent. The scope of a search

---

[3] Although not raised by the defendant, the undersigned notes that a third party having "joint access or control" over mutually-used property may lawfully consent to a warrantless search of that property. *See United States v. Clutter*, 674 F.3d 980, 983 (8th Cir. 2012).

is defined by its object. *See Florida v. Jimeno*, 500 U.S. 248, 251 (1991). Here, there is no doubt that the object of the search and seizure was computers that contained images and videos of child pornography. Police involvement was initiated by the defendant's stepdaughter, Marla Clouse, who reported to police that she found child pornography on a computer at the Files residence. Officer Gideon observed a paused video on Wayne Files' computer he deduced was child pornography, and Detective Brown observed thumbnail images on the same computer showing the genitals of a child or children in the bathroom in the residence. Both Marla Clouse and Peggy Files told police that they wanted the computers out of the house. Both were angry and upset after finding the images. These facts show it was clear that the police were searching for images and/or videos of child pornography on Wayne Files' computer.

Furthermore, the determination that Peggy Files' consent authorized search and seizure of the computers and related equipment is objectively reasonable. Based on the facts, an objectively reasonable person would have understood that the consent covered computers and computer equipment. There were no reports or observations of child pornography anywhere else in the residence, vehicles, or outbuildings, besides the computers in the back bedroom of the Files' residence. Based upon the reports of Marla Clouse and Peggy Files and the personal observations of the officers, it would have been patently *unreasonable* for the police to search elsewhere.

Additionally, even without the broad consent to search given by Peggy Files, the officers had probable cause to support a warrant on the basis of the statements of Marla Clouse, Peggy Files, and the observations of the officers. Indeed, the day after the search and seizure, Detective Brown did obtain a warrant issued by a Laclede County Judge to search the seized computers and computer equipment.

Therefore, based upon the totality of the circumstances, which include a written consent

to search the residence by Peggy Files, a subsequent search that did not exceed the scope of the consent, and the existence of probable cause to obtain a warrant to search the computers and computer equipment, the undersigned recommends that the seizure of computers and computer equipment was objectively reasonable and did not violate the Fourth Amendment.

The undersigned recommends that the "plain view" exception to the warrant requirement—raised, argued, and found lacking solely by the defendant—is not applicable here because Peggy Files consented to the search, and officers did not exceed the scope of that consent. The undersigned further recommends that even if Peggy Files had not given consent for search and seizure of the computers, Detective Brown would have "inevitably discovered" the child pornography in the Files residence because he had probable cause to obtain a search warrant based on the statements of Marla Clouse and Peggy Files, coupled with the observations of Officer Gideon and Detective Brown himself.[4]

## CONCLUSION

Therefore, based on all the foregoing, and pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1 of the United States District Court for the Western District of Missouri, the undersigned hereby **RECOMMENDS** that the Motion to Suppress Evidence (Doc. 21) be **DENIED**.

**DATED:  December 9, 2014**

/s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**

---

[4] Exclusion of unconstitutionally obtained evidence is not required if the prosecution can establish by a preponderance of the evidence: 1) "that the information ultimately or inevitably would have been discovered by lawful means;" *United States v. McManaman*, 673 F.3d 841, 846 (8th Cir. 2012) (quoting *Nix v. Williams*, 467 U.S. 431, 444 (1984)); and 2) "that the government was actively pursuing a substantial, alternative line of investigation at the time of the constitutional violation," *McManaman*, 673 F.3d at 846 (quoting *United States v. Conner*, 127 F.3d 663, 667 (8th Cir. 1997)).